# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN DOUGLAS TITUS,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>Respondent. | No. 1:17-cv-01258-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**<br><br>**(Doc. 1)** |

Petitioner, Marvin Douglas Titus, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Raymond Madden, Warden of Centinela State Prison, moves to dismiss the petition as untimely. The undersigned agrees that the petition is untimely and recommends that the Court dismiss it.

**I.     Procedural Background**

On November 1, 2012, Petitioner was convicted of eight counts of child molestation (Cal. Penal Code § 288(b)(1)). On January 11, 2013, Petitioner was sentenced to an indeterminate state prison term of thirty years to life.

1

On October 14, 2014, the California Court of Appeal for the Fourth Appellate District affirmed Petitioner's conviction. Petitioner did not file a petition for review with the California Supreme Court.

Petitioner then filed several petitions for writs of habeas corpus with the state court. On September 3, 2015, Petitioner filed a petition for writ of habeas corpus with the Third Appellate District Court of Appeal, which was denied on October 2, 2015, because Petitioner filed the petition in the wrong court. The petition was denied without prejudice "to litigating it in the Inyo County Superior Court and/or the Fourth Appellate District, Division Two, which includes Inyo County. (See Cal. Rules of Court, rule 8.385(c)(1).)"[1] (Lodged Doc. 4 at 1.)

On October 13, 2015, Petitioner filed a petition for writ of habeas corpus with the Fourth Appellate District Court of Appeal, which was denied on October 23, 2015.

On October 31, 2015, Petitioner filed a petition for writ for writ of habeas corpus with the Inyo County Superior Court, which was denied on September 2, 2016.

On December 20, 2016, Petitioner filed his petition for writ of habeas corpus with the California Supreme Court, which was denied on July 19, 2017.

On August 8, 2017, Petitioner filed his petition before this Court. Respondent moved to dismiss the petition as untimely on November 27, 2017. Petitioner filed an opposition to the motion to dismiss on March 2, 2018,[2] and Respondent filed a reply to the opposition on May 16, 2018.

---

[1] California Rules of Court Rule 8.385(c)(1) states,

> [a] Court of Appeal may deny without prejudice a petition for writ of habeas corpus that is based primarily on facts occurring outside the court's appellate district. . . .
> (3) If the court denies a petition solely under (1), the order must state the basis of the denial and must identify the appropriate court in which to file the petition.

[2] On January 26, 2018, Petitioner filed "Petitioner's Objections to the Respondent's Lodging/Filing of Paper Documents," in which he alleged Respondent's filings "intentional[ly]" omitted appendices to state and federal habeas corpus petitions. (Doc. 23 at 1.) Petitioner requested Respondent file the additional documents. *Id*.at 3. Respondent counters that he was unaware of the existence of these files documents; however, Petitioner lodged the documents with the Court on August 10, 2017. (*See* Docket 4.) Because Petitioner lodged the documents with the Court before Respondent filed the motion to dismiss, the Court will not order Respondent to re-lodge the documents.

## II. **Petitioner's Limitations Period**

Respondent contends Petitioner's petition is untimely. Petitioner counters the petition is timely and Petitioner should be granted ninety days of "gap tolling" based on appellate counsel's failure to send Petitioner his court documents. (Doc. 24 at 8.)

### A. **Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

Here, judgment was entered on October 14, 2014. The time to seek direct review in California ended on November 23, 2014,[3] when the forty day period for filing an appeal in the California Supreme Court expired. The federal statutory limitations period began on November 24, 2014. Accordingly, the one year statutory limitations period expired on November 23, 2015. Petitioner filed his petition for writ of habeas corpus on August 8, 2017; consequently, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

### B.  **Petitioner's Petition is Untimely**

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case "pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)). Here, direct review became final on November 23, 2014, and Petitioner filed his first state petition for writ of habeas corpus on September 3, 2015. Because the time between these filings was not tolled, the limitations period ran for 284 days.

Once a petitioner properly files a petition for state post-conviction relief, the limitations period is tolled and remains tolled for the time the petition is "pending." § 2244(d)(2). A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner filed his first petition for writ of habeas corpus on September 3, 2015 and it was pending for 31 days, until October 2, 2015 when it was denied because it was filed in the wrong court. The Court of Appeal denied the petition without prejudice "to litigating it in the Inyo County Superior Court and/or the Fourth Appellate District, Division Two, which includes Inyo County. (See Cal. Rules of Court,

---

[3] November 23, 2014, was a Sunday; however, pursuant to California Rule of Court 8.500(e)(1), "[f]or purposes of this rule, the date of finality is not extended if it falls on a day on which the office of the clerk/executive officer is closed."

rule 8.385(c)(1).)" (Lodged Doc. 4 at 1.) Only a "properly filed" petition tolls the limitations period; therefore, a petition filed in the wrong state court does not toll the limitations period. *Mallet v. Uribe*, No. 1:13-CV-00056-AWI, 2013 WL 2421685, at *3 (E.D. Cal. June 3, 2013) ("Even though Petitioner filed a petition for writ of habeas in the California Court of Appeal, Sixth Appellate District, prior to filing the petition in the Fifth District, it does not qualify for tolling because it was not properly filed. . . . Furthermore, the limitations period is not tolled when a petition is filed in the wrong state court.") (*citing Artuz*, 531 U.S. at 8-9); *see also Johnson v. Swarthoug*, No. 2:11-CV-2733 KJM KJN, 2012 WL 2571209, at *3 (E.D. Cal. July 2, 2012) (Petition "was improperly filed in the wrong court, [so] petitioner is not entitled to statutory tolling."), *report and recommendation adopted*, No. CIV S-11-2733 KJM, 2012 WL 4039687 (E.D. Cal. Sept. 12, 2012); *Olson v. Cash*, No. EDCV 13-888 JGB (FFM), 2014 WL 1402882, at *3 (C.D. Cal. April 8, 2014) ("[T]he limitations period is not tolled when a petition is filed in the wrong state court."); *Herrera v. Grounds*, No. C 13-1016 LHK (PR), 2014 WL 1911938, at *2 (N.D. Cal. May 12, 2014) ("Even though petitioner filed a petition for writ of habeas in the California Court of Appeal, First Appellate District, it does not qualify for tolling because it was not properly filed. . . . The limitations period is not tolled when a petition is filed in the wrong state court"); *Hood v. Galaza*, 47 F.Supp.2d 1144, 1147 (S.D. Cal. Feb. 25, 1999) (Petitioner "is [ ] not entitled to tolling for instances when he sent his petition to an incorrect place of filing.").

Consequently, Petitioner's first petition for writ of habeas corpus did not toll the limitations period. The limitations period ran for 42 days, September 3, 2015 to October 13, 2015, when Petitioner filed his petition for writ of habeas corpus in the Fourth District Court of Appeal. A total of 326 days of the limitations period expired.

Petitioner's first "properly filed" petition was filed on October 13, 2015, and denied on October 23, 2015. Therefore, the limitations period was tolled for 10 days and extended from November 23, 2015 to December 3, 2015.

In California, a "properly filed" petition is also considered "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court, so long as the second petition is filed within a "reasonable time" after the denial of the first petition. *Carey v. Saffold*, 536 U.S. 214, 221 (2002). Therefore, a petitioner is entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey*, 536 U.S. at 223) (The tolling rule "modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference.").

Here, Petitioner's first "properly filed" petition with the Court of Appeal was denied on October 23, 2015. On October 31, 2015, Petitioner filed a petition for writ of habeas corpus with the Inyo County Superior Court, which was denied on September 2, 2016. Petitioner then filed a petition for writ of habeas corpus with the California Supreme Court on December 20, 2016.

Respondent contends that the time between the filing of the first "properly filed" petition with the Court of Appeal and the filing of the second petition with the Superior Court should not be tolled because "petitioner started a new round of challenges" when he filed a petition "proceed[ing] downward to the state superior court once his [ ] state petition was denied in the state appellate court." (Doc. 15 at 6) (citing *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003) (holding that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system")).

//

6

However, the Ninth Circuit has explicitly held, in *Delhomme*, "[t]he period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it is complete." *Delhomme*, 340 F.3d at 820, *abrogated on other grounds as recognized by Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008). Petitions filed at the same or lower level courts do not affect an already pending petition. Indeed, "each time a petitioner files a new habeas petition at the same or a lower level, . . ., the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review." *Id.* at 820. (citing *Biggs*, 339 F.3d at 1048 (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition)). The first round petition "remains pending, and tolling does not end until that round is completed at the California Supreme Court, as long as the petitioner does not delay unreasonably, even if the petitioner begins a new round while that round is still pending." *Id*. Therefore, Petitioner's petition with the Superior Court does not affect the tolling between Petitioner's habeas corpus petitions, so long as the time period between the denial in the Court of Appeal and the filing in the Supreme Court was "reasonable." *Id*.

Here, Petitioner's petition for writ of habeas corpus was denied by the Court of Appeal on October 23, 2015, then Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on December 20, 2016. In California, a "reasonable" amount of time to file a petition is within 30 to 45 days. *Cross v. Sisto*, 676 F.3d 1172, 1179 (9th Cir. 2012) (citing *Carey*, 536 U.S. at 222-23). The 424 days between the Court of Appeal's denial of Petitioner's petition on October 23, 2015 and the filing of his petition with the Supreme Court on December 20, 2016 was not reasonable. *See Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (California has found time lapses of 81 days and 91 days to be "unreasonable."). Consequently, Petitioner's limitations period was not tolled between these two filings. *See Stancle v. Clay*, 692

7

F.3d 948, 986 (9th Cir. 2012) (Petitioner filed first and second petitions in the Superior Court and third petition in the Court of Appeal. "*Delhomme* stands for the principle that overlapping or additional petitions have "**no effect on the already pending application**." 340 F.3d at 820. Therefore, assuming the first and third petitions were part of the same round, the reasonableness of the delay between [petitioner's] first and third petitions is unaffected by the second petition, and the delay was unreasonable.") (emphasis in original)).

By the time Petitioner filed his petition with the California Supreme Court, his limitations period had expired, as 750 days of untolled time passed between the date direct review became final, November 23, 2014, and the time Petitioner filed his petition with the California Supreme Court, December 20, 2016. Because Petitioner's limitations period expired before he filed his petition with the Supreme Court, his filing in the Supreme Court does not extend his limitations period. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, Petitioner's petition is untimely and must be dismissed, unless Petitioner is entitled to equitable tolling.

### III. <u>Petitioner Is Not Entitled to Equitable Tolling</u>

Petitioner contends he is entitled to equitable tolling because his attorney delayed sending him his appellate briefs and trial records. (Doc. 24 at 8.) Specifically, Petitioner requests the Court grant him an additional ninety days of "gap tolling" after the judgment became final because he was unable to file a petition for review without his files. *Id*.

The one-year statutory limitations period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance

8

prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); *Guillory*, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a claim on time.'" *Miles*, 187 F.3d at 1107 (quoting *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), *abrogated on other grounds*, *Woodford v. Garceau*, 538 U.S. 202 (2003)). The petitioner must show that an external force caused the petition's untimeliness, not "oversight, miscalculation, or negligence." *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. *Holland*, 130 S. Ct. at 2563.

9

Petitioner states he is entitled to equitable tolling because his attorney delayed sending him his appellate briefs and trial records. (Doc. 24 at 8.) Petitioner requested his file from his appellate counsel on November 2, 2014. (Doc. 4-5 at 5-6.) On March 19, 2015, and May 20, 2015, appellate counsel notified Petitioner that he had sent Petitioner his files in late 2014. *Id*. at 14, 19. On May 17, 2015, Petitioner acknowledged that he had received the appellate record, but stated that some of his files were missing. *Id*. at 16. On November 6, 2015, Petitioner's appellate counsel shipped a second box of files to Petitioner's sister. *Id*. at 20. It is not clear from the record what the box shipped to Petitioner's sister contained. However, based on the record, it appears Petitioner had his appellate file since the end of 2014.

Petitioner claims three grounds for habeas relief: (1) ineffective assistance of trial counsel for failure to investigate, research relevant law, and call critical witnesses; (2) prosecutorial misconduct; and (3) ineffective assistance of appellate counsel for failure to timely send Petitioner his legal documents. (Doc. 1 at 5, 7.) Petitioner does not explain why he needed more than his appellate records to file his petition for writ of habeas corpus based on these grounds. In a petition for writ of habeas corpus filed with the California Supreme Court, Petitioner admitted, "[n]early every allegation contain[ed] in this habeas corpus document was available on Direct Review, especially the [ineffective assistance of counsel] claims because [trial counsel's] malfe[a]sance is overwhelming." (Doc. 4-2 at 60.) Therefore, Petitioner's appellate records should have been sufficient to complete his petition for writ of habeas corpus.

Further, Petitioner was able to file three state habeas petitions before his sister received the second box of legal materials on November 6, 2015. Petitioner does not explain why he was unable to timely file his federal petition for writ of habeas corpus, but was able to file state petitions without the second box of records.

Where a petitioner fails to show "any causal connection" between the grounds for which he alleges the right to equitable tolling and his inability to timely file a federal habeas petition, the equitable tolling claim may be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Here, Petitioner has failed to show a causal connection between the delay in his files and his inability to timely file his federal petition. Consequently, Petitioner has not met his burden of alleging facts sufficient to support equitable tolling. *Pace*, 544 U.S. at 418.

### IV. Evidentiary Hearing

Petitioner requests the Court hold an evidentiary hearing. In habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). "It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.* at 1176. Here, all of Petitioner's claims can be resolved by reference to the record. Accordingly, the Court recommends denying Petitioner's request for an evidentiary hearing.

### V. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

11

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

**VI.** **Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty**

12

**(30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 7, 2018**                     /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE