UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN DOUGLAS TITUS,<br><br>             Petitioner,<br><br>     v.<br><br>RAYMOND MADDEN, Warden,<br><br>             Respondent. | No. 1:17-cv-01258-LJO-SKO (HC)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION (Doc. 45)**<br><br>**ORDER VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATION AND JUDGMENT (Docs. 37, 38)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 32)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT** |

**I.    Background**

Petitioner Marvin Douglas Titus is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On June 8, 2018, the Magistrate Judge filed findings and recommendation in which she recommended that the Court dismiss the petition as untimely and decline to issue a certificate of appealability. The findings and recommendation, which were served on Petitioner, provided that objections could be served within thirty days. After receiving two extensions of time to file

1

objections, Petitioner's objections were due on August 13, 2018. (Doc. 36.) No objections were received by August 13, 2018. Subsequently, the Court adopted the Magistrate Judge's findings and recommendation, judgment was entered, and the action was closed on August 16, 2018. (Docs. 37, 38.)

On August 23, 2018, the Court received objections to the findings and recommendation, which were signed by Petitioner on August 16, 2018. (Doc. 39.) On September 13, 2018, Petitioner filed a notice of appeal that was processed to the Ninth Circuit on the same day. (Docs. 41, 42.) On November 19, 2018, Petitioner filed a motion for reconsideration, requesting this Court vacate its judgment entered on August 16, 2018. (Doc. 45.) On January 30, 2019, the Court issued an order vacating the August 16, 2018, final judgment and entered a new final judgment. (Docs. 46, 47.) On June 27, 2019, the Ninth Circuit issued an order remanding the case to this Court for the limited purpose of enabling the Court to re-enter the January 30, 2019, order and final judgment. (Doc. 48.) This Court had determined that the notice of appeal did not divest the Court of jurisdiction to reconsider its order and judgment, however, the Ninth Circuit disagreed. Accordingly, the Court will re-enter the order and final judgment.

**II.     Petitioner's Motion for Reconsideration**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both

injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In this case, the Court will grant Petitioner's motion for reconsideration, vacate the judgment, and consider Petitioner's objections to the findings and recommendation.

**III.    Petitioner Is Not Entitled to Equitable Tolling Based on Actual Innocence**

Here, the Court granted Respondent's motion to dismiss, because the petition was untimely and Petitioner was not entitled to equitable tolling. Petitioner originally argued he was entitled to equitable tolling because trial counsel failed to send him his files from the trial in a timely manner. (Doc. 24 at 8.) Now, Petitioner states in his objections, for the first time, that he is entitled to equitable tolling because he is actually innocent. (Doc. 39 at 10.) Petitioner states his actual innocence claim was "mentioned in his opposition to motion to dismiss, but not argued because there was no need based upon the truth of the matter." Id.

A district court has the discretion to consider evidence or claims presented for the first time in objections to a Magistrate Judge's Report and Recommendation. See Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002). Despite the fact that Petitioner did not raise this claim until he filed his objections, the Court will consider Petitioner's actual innocence claim.

In McQuiggin v. Perkins, the United States Supreme Court held that "actual innocence" can be an exception to the one-year limitations period:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . , or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence,

3

> no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup [v. Delo], 513 U.S. [298,] 329 [(1995)]; see House [v. Bell], 547 U.S. [518,] 538 [(2006)] (emphasizing that Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332.

569 U.S. 383, 386 (2013).

However, the "actual innocence gateway," may only be employed when a petitioner "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Schlup, 513 U.S. at 314-15 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). A petitioner must demonstrate factual innocence and "not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Consequently,

> [t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."

Schlup, 513 U.S. at 324. Further, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

Here, Petitioner admits he "is now presenting" an allegation "of factual innocence, [that] is not newly discovered, only newly presented." (Doc. 39 at 15.) Petitioner does not present "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Indeed, Petitioner has not suggested the existence of any new exculpatory evidence. Rather, Petitioner argues trial counsel was ineffective for a number of different reasons. He admits that all the evidence he relies on was present at the time of trial, "as duly recorded in all the declarations." Id. at 32. Based on these allegations, Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327.

Further, Petitioner had the information he now bases his actual innocence claim on prior to the expiration of his limitations period. Petitioner states he received trial counsel's "person[al] notes on August 21, 2015 and entire criminal file on November 9th to 11th, 2015, both of which contained evidence of factual innocence." Id. at 33. Petitioner's statutory limitations period

extended to December 3, 2015; consequently, Petitioner could have timely filed a claim based on this evidence. Petitioner had a reasonable opportunity to have all his claims heard on the merits but failed to timely do so.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), having carefully reviewed the entire file *de novo*, the Court concludes that the findings and recommendation are supported by the record and proper analysis.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's order adopting the findings and recommendation, (Doc. 37), and judgment, (Doc. 38), entered on August 16, 2018, are VACATED;

2. Petitioner's motion for reconsideration, (Doc. 45), filed November 19, 2018, is GRANTED;

3. After reconsideration, the findings and recommendation filed June 8, 2018, (Doc. 32), are ADOPTED IN FULL;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **June 28, 2019**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES CHIEF DISTRICT JUDGE